IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

JOSH STEWARD, JOSEPH GALVAN      PLAINTIFFS
and KEVIN SEAMON

vs.        Case No. 7:17-cv-113

BALMORHEA TOWING AND TRUCK TIRE, LLC,
FORT STOCKTON TOWING AND TRUCK TIRES, LLC,
SANDERSON TOWING AND TRUCK TIRES, LLC,
SHEFFIELD TOWING SERVICE, LLC, and
PEERY HOLMSLEY        DEFENDANTS

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Josh Steward, Joseph Galvan and Kevin Seamon, by and through their attorney Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint against Defendants Balmorhea Towing and Truck Tire, LLC, Fort Stockton Towing and Truck Tires, LLC, Sanderson Towing and Truck Tires LLC, Sheffield Towing Service LLC and Peery Holmsley (hereinafter collectively referred to as "Defendant"), and they do hereby state and allege as follows:

### I.
### JURISDICTION AND VENUE

1.  Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including a reasonable attorneys' fee as a result of Defendant's failure to pay Plaintiffs

Page 1 of 8
Josh Steward, et al. v. Balmorhea Towing and Truck Tire LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 7:17-cv-113
Original Complaint

overtime compensation for all hours that Plaintiffs worked in excess of forty (40) per workweek.

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas, operating a tow truck business in Pecos, Reeves and Terrell Counties, Texas.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over each Defendant, and each Defendant "resides" in Texas.

5. Plaintiffs were each employed by Defendant at various locations located in the Western District of Texas; the acts alleged in this Complaint had their principal effect within the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.
## THE PARTIES

6. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

7. Plaintiff Steward is a citizen of the United States and a resident and domiciliary of Keith County, Nebraska.

8. Plaintiff Steward was employed by Defendant as a tow truck driver from around February of 2015 until around November of 2016.

9. At all times relevant to the allegations in this Complaint, Plaintiff Steward was a piece-rate employee at Defendant's tow truck business in Pecos County, Texas.

10. Plaintiff Galvan is a citizen of the United States and a resident and domiciliary of Ector County, Texas.

11. Plaintiff Galvan was employed by Defendant as a tow truck driver from around March of 2016 until around March of 2017.

12. At all times relevant to the allegations in this Complaint, Plaintiff Galvan was a piece-rate employee at Defendant's tow truck business in Pecos, Reeves and Terrell Counties, Texas.

13. Plaintiff Seamon is a citizen of the United States and a resident and domiciliary of Reeves County, Texas.

14. Plaintiff Seamon was employed by Defendant as a tow truck driver from around January of 2013 until around January of 2017.

15. At all times relevant to the allegations in this Complaint, Plaintiff Seamon was a piece-rate employee at Defendant's tow truck business in Pecos and Reeves Counties, Texas.

16. At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

17. At all times material herein, Plaintiffs have been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

18. Defendant is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

19. Defendant Balmorhea Towing and Truck Tire, LLC ("Balmorhea Towing"), is a Texas limited liability company that operates a tow truck business.

20. Defendant Balmorhea Towing is a domestic LLC, whose registered agent for service of process for the state of Texas is Denovo Legal Solutions, LLC, located at 1101 Navasota Street, Suite 1, Austin, Texas 78702.

21. Defendant Fort Stockton Towing and Truck Tires, LLC ("Fort Stockton Towing"), is a Texas limited liability company that operates a tow truck business.

22. Defendant Fort Stockton Towing is a domestic LLC whose registered agent for service of process in the state of Texas is Peery Holmsley, located at 3305 West Pine Street, Sheffield, Texas 79781.

23. Defendant Sanderson Towing and Truck Tire, LLC ("Sanderson Towing"), is a Texas limited liability company that operates a tow truck business.

24. Defendant Sanderson Towing is a domestic LLC whose registered agent for service of process for the state of Texas is Denovo Legal Solutions, LLC, located at 1101 Navasota Street, Suite 1, Austin, Texas 78702.

25. Defendant Sheffield Towing Service, LLC ("Sheffield Towing"), is a Texas limited liability company that operates a tow truck business.

26. Defendant Sheffield Towing is a domestic LLC whose registered agent for service of process for the state of Texas is Denovo Legal Solutions, LLC, located at 1101 Navasota Street, Suite 1, Austin, Texas 78702.

27. Defendant Peery Holmsley is the owner and managing member of each of Balmorhea, Fort Stockton, Sanderson and Sheffield Towing, and he has had, at all relevant times, operational control of all four entities.

28. Mr. Holmsley is an individual citizen of the state of Texas and a resident of Pecos County.

29. Defendant has employees that handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce.

30. Defendant's annual gross volume of sales is not less than $500,000.00.

## III.
## FACTUAL ALLEGATIONS

31. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

32. Defendant hired Plaintiffs as employees who acted as local tow truck drivers.

33. Plaintiffs remained tow truck drivers throughout their employment with Defendant.

34. Plaintiffs worked for Defendant within the past three (3) years.

35. During the employment relationship, Defendant paid Plaintiffs by piece-rate.

36. Plaintiffs almost always worked in excess of forty (40) hours per week.

37. Defendant scheduled Plaintiffs to work more than 40 hours per week.

38. During the time that Defendant paid Plaintiffs on a piece-rate basis, Defendant did not ever pay Plaintiffs one and one-half times Plaintiffs' regular rate.

39. In other words, during the time that Defendant paid Plaintiffs on a piece-rate basis, Defendant paid Plaintiffs no more than their regular piece-rate, even when Plaintiffs worked more than forty (40) hours per week.

## IV.
## CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

51. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

52. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

53. At all relevant times, Defendant has been, and continue to be, Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

54. At all relevant times, Defendant has been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty

(40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

56. Defendant classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

57. Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

58. Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

59. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## V.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Josh Steward, Joseph Galvan and Kevin Seamon respectfully pray as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

Page 7 of 8
Josh Steward, et al. v. Balmorhea Towing and Truck Tire LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 7:17-cv-113
Original Complaint

B. For an order of this Honorable Court entering judgment in Plaintiffs' favor against each Defendant for their actual economic damages in an amount to be determined at trial;

C. For liquidated damages as provided for under the FLSA;

D. For a reasonable attorney's fee, costs and pre-judgment interest; and

E. For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**JOSH STEWARD, JOSEPH GALVAN and KEVIN SEAMON, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: /s/ Josh Sanford
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com